

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SAMUAL R. MILLS,<br>　　Petitioner, | Civil Action No. 7:13-cv-00180 |
| v. | 2254 MEMORANDUM OPINION |
| COMMONWEALTH OF<br>VIRGINIA CIRCUIT COURT<br>AND FOR ORANGE COUNTY,<br>　　Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Samual R. Mills, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a conviction in the Orange County, Virginia, Circuit Court. The court finds that Mills has not exhausted his state-court remedies and, therefore, dismisses his petition without prejudice.

I.

On July 15, 2010, the Orange County Circuit Court found Mills guilty of taking indecent liberties with a child, in violation of Va. Code § 18.2-370.1, and sentenced him to five years' incarceration with two and one-half years suspended and three years of probation. On February 14, 2013, the same court found Mills guilty of a probation violation and sentenced him to two and one-half years' incarceration. Mills filed a direct appeal to the Court of Appeals of Virginia on March 15, 2013, and that appeal is still pending.

The United States District Court for the Eastern District of Virginia received Mills' habeas petition on March 25, 2013; filed it two days later; and transferred the matter to this court on April 16th. According to his petition (and online state-court records), Mills has not yet

pursued his appeal to the Supreme Court of Virginia nor filed any petition for writ of habeas corpus in any state court.

## II.

In almost all circumstances, § 2254 petitioners must exhaust all available state-court remedies before seeking relief in federal court. See 28 U.S.C. § 2254(b); Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010). "The habeas petitioner must raise his claim before every available state court, including those courts—like the Supreme Court of Virginia—whose review is discretionary." Jones, 591 F.3d at 713. If the petitioner has failed to exhaust state-court remedies, the federal court should dismiss the habeas petition. See Slayton v. Smith, 404 U.S. 53, 53–54 (1971).

Here, Mills' petition notes that he has a "petition or appeal now pending . . . for the judgment [he is] challenging." (Pet. 12, ECF No. 1.) Consequently, it appears that Mills has not exhausted his state-court remedies, and the court dismisses his petition.[1]

## III.

For the reasons stated, the court dismisses Mills' habeas petition without prejudice as unexhausted.

**ENTER:** April 24, 2013.

UNITED STATES DISTRICT JUDGE

---

[1] It is not entirely clear whether Mills intends to challenge his original indecent-liberties conviction or the probation revocation. In either case, his claim appears unexhausted. And to the extent he intends to challenge the original conviction, the claim appears unexhausted, procedurally defaulted, and barred by the one-year statute of limitations in 28 U.S.C. 2254(d). In any event, if Mills exhausts his state-court remedies, he may file another petition clearly setting forth his claim.

2